ALMA FROBENIUS TRUE, APPELLANT, *v.* EDWARD M. BOSCH AND CECIL G. BOSCH, HIS WIFE, AND HERBERT BOSCH AND ROMA BOSCH, HIS WIFE, RESPONDENTS.

No. 3996

November 6, 1957                              317 P.2d 1089

*Richard G. Campbell*, of Winnemucca, and *Wm. J. Crowell*, of Carson City, for Appellant.

*James A. Callahan*, of Winnemucca, for Respondents.

**OPINION**

By the Court, EATHER, J.:

This is an appeal taken by the defendant below from judgment of the trial court granting damages for trespass upon real property and quieting title to the area in which the trespass occurred.

The parties are owners of adjoining residences in Winnemucca. Defendant's predecessor in constructing his dwelling house had encroached upon the property of plaintiffs' predecessor. A deed covering the area of encroachment was given. It specified in part: "It being understood that this instrument is intended to convey to the said party of the second part so much only of said Lot Five as is now actually occupied by the residence or dwelling house aforesaid, and not more. The said parties of the first part hereby reserving unto themselves, their heirs and assigns, all that said portion of said Lot Five not actually occupied by said residence and dwelling house."

Between the dwellings of the parties is a strip of land from ten to fifteen feet in width. Two fences are maintained by the plaintiffs which limit access to this area. One fence runs from house to house across the front of the strip preventing access from the front. A second fence runs from the rear of the defendant's house along the property line to the rear of the lots, which fence prevents access to the strip from the rear of defendant's property. Thus access to the area can only be had from the rear of the plaintiffs' property. Defendant has been permitted by the plaintiffs from time to time to enter this enclosed area through the plaintiffs' property for the purpose of washing windows and maintaining the wall of her dwelling. The trespass here occurred when the defendant forcibly entered the enclosed area by removing the fence across the front of the strip, in the course of which certain shrubs and plants in the area were damaged. The trial court assessed compensatory damages in the sum of $60 and punitive damages in the sum of $250. It also decreed that title to the area was in the plaintiffs subject only to a limited easement in the defendant to make use of the area "for the purpose of maintaining the south wall of defendant's residence and for that purpose only." With reference to this easement the court specified that the defendant's right to entry was by such reasonable route as might be designated by the plaintiffs and "does not involve the destruction or removal of property owned by plaintiffs."

On this appeal defendant assigns as error failure of the trial court to recognize title in the defendant to so much of the disputed area as lies beneath the eaves of her house. We feel that since the deed in question originally was to an area of encroachment the language used in that deed including reiteration of the phrase "actually occupied" supports the trial court's construction of the deed as not including the land beneath the eaves. A strict limitation was quite apparently intended by the grantor. Accordingly we find no error here.

In the alternative defendant asserts as error failure of the trial court to recognize a more extensive easement to the area in question. She claims a right-of-way existed in her with which plaintiffs' fence interfered, constituting a private nuisance. The facts do not support the existence of such a right. The fences had been maintained by the plaintiffs for many years and had effectively precluded any right-of-way from being created or enjoyed. No greater right in the defendant to the use of the property adjoining her wall can be found by implication than that decreed by the trial court.

Defendant contends that the damages awarded are not supported by the evidence. There is ample support for the award of $60 compensatory damages for injury to the fence and shrubbery. The court found that the destruction was wholly unnecessary and in reckless disregard of plaintiffs' rights. It properly distinguished between the assertion of a right in a peaceful and orderly manner and a resort to destructive force. The allowance of punitive damages under the circumstances was not error.

Affirmed with costs.

BADT, C. J., and MERRILL, J., concur.